[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1220

 UNITED STATES OF AMERICA,

 Plaintiff, Appellee,

 v.

 ONE 1989 23 FT. WELLCRAFT MOTOR VESSEL, ETC., ET AL.,

 Defendants.
 

 EUSEBIO ESCOBAR-DE-JESUS,

 Intervenor, Appellant.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge] 
 

 Before

 Torruella, Chief Judge, 
 Boudin and Stahl, Circuit Judges. 
 

Eusebio Escobar-De-Jesus on brief pro se. 
Guillermo Gil, United States Attorney, Miguel A. Fernandez, 
Assistant United States Attorney, Chief, Civil Division, and Jose 
Javier Santos Mimoso, Assistant United States Attorney, on brief for 
appellees.

 

 SEPTEMBER 30, 1997
 

 Per Curiam. We have reviewed the briefs submitted by 

the parties and the record on appeal. We affirm the judgment

of the district court, for the reasons stated in district

court's Opinion and Order dated December 12, 1995, and its

Opinion and Order dated October 17, 1996. We add only the

following.

 Escobar claims that the seizure of his property violates

the eighth amendment prohibition against excessive fines. We

do not now decide whether the eighth amendment applies to

forfeitures under 21 U.S.C. 881(a)(6), but even if it does,

the forfeiture here was not "excessive," given the value of

the real property forfeited and the value of the cocaine

Escobar conspired to import and/or possess with intent to

distribute.

 Escobar argues the district court erred in failing to

issue a writ of habeas corpus ad testificandum to allow him 

to attend his trial. In its Opinion and Order, the district

court did not discuss whether Escobar's presence would

substantially further the resolution of the case. Latiolais 

v. Whitley, 93 F.3d 205, 208 (5th Cir. 1996). Even so, 

Escobar did not adequately explain how his presence would

have been helpful. In addition, we have reviewed the record

and conclude that even if error was committed, it was

harmless, since the evidence against Escobar was

overwhelming.

 We have reviewed the remaining issues and conclude as

follows. 1) Federal Rule of Criminal Procedure 7 does not

require the government to combine criminal prosecutions with

forfeiture actions, so Escobar's argument to the contrary is

rejected. 2) We find no clear error in the district court's

findings of fact, as the findings were supported by the

evidence. 3) Escobar's arguments that the filing of this

action violated principles of res judicata and collateral

estoppel, and that the settlements with third party

lienholders violated due process, were not preserved for

appeal. 4) His allegations that the government acted

improperly with regard to additional property he says is

missing is unsupported by the record. 5) While we take no

position with regard to the district court's reasoning in

fashioning a remedy for the due process violation, we are in

agreement with the result.

 Affirmed. 

 -3-